Dear Dr. Hicks:
You have requested an opinion of this office as to whether Grambling State University may accept contributions to a scholarship fund from an insurance company that was granted permission to solicit on campus. You have indicated that the scholarship donation is not a condition of being allowed to solicit on campus. However, in a telephone conversation with Mr. James Ard, he indicated that all insurance companies are not granted permission to solicit on Grambling's campus. He indicated that there is a panel of individuals which meets and reviews the companies that are interested in soliciting. However, I am uncertain as to which factors are considered in determining which companies can solicit.
LSA-R.S. 17:3351 sets forth the powers, duties and functions of the management board of the colleges and universities within the state. Specifically, Section A of the statute allows:
 . . . each management board as a body corporate shall have authority to exercise all power to direct, control, supervise and manage the institutions of higher education under its control, including but not limited to the following:
 . . . . . . . . .
 (2) Actively seek and accept donations, bequests, or other forms of financial assistance for educational purposes from any public or private person or agency and to comply with rules and regulations governing grants from the federal government or any other person or agency which are not in contravention of the constitution and laws.
However, as provided for in pertinent part in LSA-R.S.42:1115 which is a statute located in the Code of Governmental Ethics:
 A. No public servant shall solicit or accept, directly or indirectly, anything of economic value as a gift or gratuity from any person or from any officer, director, agent, or employee of such person, if such public servant knows or reasonably should know that such person:
 (1) Has or is seeking to obtain contractual or other business or financial relationships with the public servant's agency, or
 (2) Is seeking, for compensation, to influence the passage or defeat of legislation by the public servant's agency.
A "public servant" in this instance would be defined in LSA-R.S. 42:1101 (19) as:
 . . . a public employee or an elected official.
As indicated in the statute above, a public servant cannot solicit or accept directly or indirectly anything of economic value. A donation to Grambling State University's scholarship fund could conceivably be an indirect gift or gratuity if a public servant receives a donation at a time when the scholarship fund falls within the conditions as set forth in LSA-R.S.42:1115. However, since this would involve a possible ethics violation, you should consider referring your opinion request to the Louisiana Commission on Ethics for Public Employees if the situation warrants such action.
I hope this opinion has addressed some of your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 Richard P. Ieyoub Attorney General
 By: Beth Conrad Langston Assistant Attorney General